IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES L. CLAIR, SR. | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-11-1582 |
| SEC. GARY D. MAYNARD and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

The court-ordered response to the above-captioned petition for writ of habeas corpus was filed on July 13, 2011, asserting petitioner is not entitled to habeas relief because he is no longer in custody and his petition is time-barred. ECF No. 4. Petitioner filed a reply (ECF No. 6) and this court required a further response regarding the status of any probation and parole supervision to which petitioner is subject (ECF No. 7). The supplemental response was filed on September 20, 2011. ECF No. 9. After review of the papers filed, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). Petitioner's request to file an opposition to the supplemental response (ECF No. 8) is denied.

Petitioner Charles L. Clair, Sr. ("Clair"), was charged with second-degree assault and second-degree sex offense on February 23, 2001. ECF No. 1 at p. 8. On May 8, 2002, Clair entered an *Alford* plea[1] in the Circuit Court for St. Mary's County to one count of third-degree sexual offense. ECF No. 4 at Ex. 1, p. 11. He filed a motion to vacate the plea, but it was later

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict him at trial, but maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

withdrawn.  *Id.* at p. 12.  Clair was sentenced to serve ten years, all but four years suspended followed by five years' probation.  The sentence was imposed on January 28, 2003.  Clair did not file an application for leave to appeal; therefore, his conviction became final 30 days later when the time for filing an application expired.  Clair filed a motion for modification of sentence on February 10, 2003, which was denied on November 21, 2003.  *Id.* at p. 13.

Clair was released from prison under parole supervision on April 18, 2005.  ECF No. 9 at Ex. 2.  The executed portion of his sentence, four years, expired on December 9, 2006, and Clair's parole supervision case was closed.  His probationary term of five years was monitored by the Maryland Department of Parole and Probation from July 21, 2005 through July 21, 2010.  *Id.*  As of July 10, 2010, Clair's sentence expired and he is no longer monitored by the Department of Parole and Probation.  The instant petition was filed on June 9, 2011.

Clair was required, as a part of his sentence, to register as a sex offender.  ECF No. 1 at Attach. 1, p. 2; ECF 4 at Ex. 1, p. 13.  Clair states he is required to make an appointment with the Sheriff's department[2] and present himself in person every three months as a part of compliance with sex offender registration.  He maintains that since failure to comply with the requirements of sex offender registry would be a violation of parole or probation resulting in imposition of the six-year suspended portion of his sentence, registration is a punitive component of his sentence making him eligible for federal habeas relief.  ECF No. 1 at Attach. 1, p. 2.  Clair

---

[2] Respondents explain that the Department of Public Safety administers the sex offender registration requirement, but an offender like Clair whose sentence has expired, must register with a local law enforcement unit.

further claims he is entitled to an equitable tolling of the limitations period because he is actually innocent.[3]  ECF No. 6.

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(d).  This court's authority to grant habeas relief under § 2254 is limited.  *See Felker v. Turpin*, 518 U.S. 651, 662 (1996).  Clair is no longer serving a sentence and he is no longer serving a probationary term; nor is he subject to parole supervision or otherwise confined to state custody.  *See Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) (prisoner in custody by virtue of parole revocation is in custody pursuant to the judgment of a State court).  Clair argues that the requirements imposed upon him by sex offender registration satisfy the custody requirement.

It has been widely held that sex offender registration does not meet the requirements of custody for purposes of federal habeas relief; rather, it is a collateral consequence  "The sex offender registration requirement is merely a collateral consequence of conviction, and does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purpose of federal habeas corpus review."  *Davis v. Nassau County* 524 F. Supp. 2d 182, 188 (E.D.N.Y. 2007), *see also Leslie v. Randle*, 296 F.3d 581, 522-23 (6th Cir. 2002) (Ohio sex offender registration does not satisfy custody requirement); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon's sex offender registration law); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (California's sex offender registration law); *Williamson v. Gregoire*, 151 F.3d 1180, 1185 (9th Cir. 1998) (same holding under Washington's sex offender registration law).  Similar to other collateral consequences of a felony conviction, sex offender

---

[3] Clair concedes his petition has been filed beyond the one-year filing deadline, but since the custody requirement is dispositive, this court will not address the timeliness of the petition or whether Clair has presented an adequate basis for equitable tolling of the limitations period.  *See* ECF No. 6 at pp. 9–10.

registration is simply not a restraint on Clair's physical liberty. "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (applying "collateral consequences" doctrine to possibility of enhanced sentence if petitioner is sentenced under "habitual offender" statute); *see also Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987) (loss of license to practice medicine resulting from conviction is collateral consequence which does not constitute custody).

Clair claims that if he fails to comply with the sex offender registration requirements the unsuspended portion of this sentence may be imposed. ECF No. 1 at Attachment 1. At this time, however, Clair is no longer on probation and is not subject to imposition of the unsuspended portion of his sentence. *See* ECF No. 9 at Ex. 2. If Clair fails to comply with the registration requirements, he will be subject to the penalties set forth in Md. Code Ann., Crim Proc. § 11-721.[4] He would not be subject to that penalty unless it is proven that he knowingly failed to register, knowingly failed to provide notice or any information required by the Act, or knowingly provided false information regarding a material fact. Unlike parole or probation where proof of a violation of the terms of release are required, the failure to comply with the sex offender

---

[4] The provision governing failure to register provides in full that:

(a) A registrant may not knowingly fail to register, knowingly fail to provide the notice required under § 11-705 of this subtitle, knowingly fail to provide any information required to be included in a registration statement described in § 11-706 of this subtitle, or knowingly provide false information of a material fact as required by this subtitle.

(b) A person who violates this section:

  (1) for a first offense, is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $5,000 or both; and

  (2) for a second or subsequent offense, is guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or both.

Md. Code Ann., Crim Proc. § 11-721.

registration law is a separate offense requiring proof beyond a reasonable doubt of a knowing failure to comply  *See e.g., Twine v. State*, 910 A.2d 1132, 1136 (Md. 2006) (finding evidence insufficient to support violation of sex offender registration law).  Much like the offender who loses his license to practice medicine by virtue of a felony conviction and who, consequently, may be prosecuted for the unlicensed practice of medicine, so, too, can Clair be prosecuted for failing to comply with the sex offender registration law.  But since Clair is not currently in custody by virtue of a state court judgment, this court lacks jurisdiction to consider his claim for habeas relief.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  The petition shall be dismissed and a certificate of appealability denied by separate order which follows.


September 22, 2011                                      /s/
Date                                                    James K. Bredar
                                                        United States District Judge